# United States District Court, Northern District of Illinois

JSP

| Name of Assigned Judge or Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 3410 | **DATE** | 5/22/2001 |
| **CASE TITLE** | Rafael E. Roby vs. Sergent McClain, et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Roby's application is granted to the extent that no prepayment of the filing fee will be required, although Roby will have to pay the entire $150 filing fee in future installments. But for the reasons stated in this memorandum opinion and order, both the Complaint and this action are dismissed without prejudice. Solely by way of clarification, this dismissal is not a "strike" for purposes of Section 1915(g).

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | mailed to State Atty Cook Cty + Sheriff of Cook Cty 5/23/01 Fiscal | MAY 2 4 2001 date docketed | 4 |
| | Notified counsel by telephone. | | | |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 5/23/2001 date mailed notice | |
| SN | courtroom deputy's initials | FILED FOR DOCKETING 01 MAY 23 PM 4:27 Date/time received in central Clerk's Office | SN mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

RAFAEL E. ROBY,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff,　　　　)
　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　)　　No.　01 C 3410
　　　　　　　　　　　　　　　　　)
SERGENT McCLAIN, et al.,　　　　 )
　　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants.　　　 )

DOCKETED
MAY 2 4 2001

MEMORANDUM OPINION AND ORDER

Rafael Roby ("Roby") has submitted (1) a 42 U.S.C. §1983 ("Section 1983") Complaint against four defendants working at the Cook County Department of Corrections ("County Jail")--Sergeant McClain, Dr. Frahmer, Sergeant Turner and Officer Davis--together with (2) an Application To Proceed Without Prepayment of Fees ("Application")(to which Roby has attached a printout of transactions in his trust fund account at the County Jail), with both the Complaint and the Application having been prepared on forms provided by this District Court's Clerk's Office for that purpose. As stated hereafter, the Application is granted to the extent that no prepayment of the filing fee will be required, although Roby will have to pay the entire $150 filing fee in future installments as hereafter provided. But for the reasons stated in this memorandum opinion and order, both the Complaint and this action are dismissed without prejudice.

To begin with a look at the Application, it is obvious from the portion that is headed "Certificate" and is signed by an

authorized officer at the County Jail that the certifying officer has a total lack of understanding of what is called for there. Even though the current account balance to Roby's credit is just $.14, and even though the highest positive balance in the account going back a full eight months (rather than the six month period that is made relevant by 28 U.S.C. §1915 ("Section 1915")) was $30.14, the certifying officer mysteriously reports that the average balance in the account during the preceding six months was $165. Somebody had better do a better job of training the personnel at the County Jail, because if this patently erroneous certificate exemplifies the type of misleading information that is being furnished to courts that are obligated to comply with Section 1915, the County Jail detainees there are being dealt with in an extraordinarily unfair manner in terms of their being deprived of access to funds in their account.

In any case, this Court has thus been put to the task of having to make the calculation itself and, having done so, determines that the higher of the two figures provided for in Section 1915(b) is the average monthly deposits into the account, which came to $24.87. Accordingly the authorities at the County Jail are ordered to remit 20% of that figure, or $4.97, to the Clerk of this District Court ("Clerk") on the first date when Roby's account has at least that amount in hand so that it is available for payment on account of the filing fee.

2

After such payment the trust fund officer at County Jail or any other correctional facility where Roby is confined is authorized to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the trust fund account shall be forwarded to the Clerk each time the amount in the account exceeds $10 until the full $150 filing fee is paid. Both the initial payment and all future payments shall be sent to the Clerk, United States District Court, 219 South Dearborn Street, Chicago, Illinois 60604, attention: Fiscal Department, and shall clearly identify Roby's name and the 01 C 3410 case number assigned to this action.

To turn to the substance of Roby's claim, he alleges that he was the innocent victim of an assault by fellow inmates during some kind of altercation in which he was not involved, resulting in serious injuries (a punctured lung sustained when he was stabbed in the back with a barbershop scissors). And Roby goes on to advance what appears to be a colorable Section 1983 claim. But before this Court can reach that question it must look at whether Roby has exhausted any available administrative remedies as required by 42 U.S.C. §1997e(a).

On that score, Complaint ¶III.C reflects that Roby has filed two grievances, one on November 20, 2000 and the other on March 3, 2001. Each has been responded to by a statement that the County Jail's Internal Affairs Department is investigating the matter.

3

That being true, the statutory requirement of exhaustion of administrative remedies has not been met, and because that is a precondition to filing suit the Complaint and this action must be and are hereby dismissed without prejudice.

Under the circumstances, however, that cannot properly be the end of the matter. Two further points should be made:

1. Solely by way of clarification, this dismissal is <u>not</u> a "strike" for purposes of Section 1915(g).

2. More substantively, it is extremely troubling that a matter should still assertedly be in the investigative stage after the passage of such a substantial period of time. Accordingly, a copy of this memorandum order is being sent to Sheriff Michael Sheahan[1] with the express request that a prompt explanatory statement be transmitted to this Court (identified by this case caption and number) as to the current status of the claimed investigation. If no satisfactory explanation were to be received in this Court's chambers on or before June 5, 2001, this Court will treat the statutory requirement of exhaustion as having been satisfied, and this action will be reinstated sua sponte.

Date: May 22, 2001

Milton I. Shadur
Senior United States District Judge

---

[1] In addition, a copy is being sent to the Cook County State's Attorney, who serves as the Sheriff's attorney.

4